NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0308-19T6

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VINCENT A. PALEY,

     Defendant-Appellant.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **November 6, 2019** |
| **APPELLATE DIVISION** |

Argued October 21, 2019 – Decided November 6, 2019

Before Judges Sabatino, Sumners and Geiger.

On appeal from an interlocutory order the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-11-1495.

Whitney Faith Flanagan, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Whitney Faith Flanagan, of counsel and on the brief).

Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

The opinion of the court was delivered by

SUMNERS, J.A.D.

In this interlocutory appeal, we are asked to determine whether the trial court's August 28, 2019 order violated N.J.S.A. 2A:162-22(a)(2)(a), the speedy trial requirements of the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26, and Rule 3:25-4(c)(1). The order excluded 137 days – August 19, 2019 to January 2, 2020 – from the October 15, 2019 speedy trial deadline for defendant Vincent A. Paley. Defendant is consequently confined in jail until his scheduled January 2, 2020 trial date.[1]

In his single point merits brief, defendant argues:

> THE COURT ERRED IN ORDERING 137 DAYS OF EXCLUDABLE TIME OVER DEFENSE OBJECTION AND WITHOUT STATUTORY AUTHORITY.

Because the record does not support the court's excludable time order, we reverse and order defendant be released pending his trial.

## I.

Initially, we discuss three separate pretrial conferences – two in the morning session and one in the afternoon session – all occurring on August 19, which culminated in the order in question. We also discuss some other relevant court proceedings leading up to that order.

---

[1] For the sake of convenience, hereafter, we do not state the year of the pretrial conference, excludable time order, speedy trial date, and trial date. We mention just the dates.

<u>Proceedings Prior to August 19</u>

On November 7, 2018, defendant and his codefendant Edward F. Figueroa were indicted for second-degree conspiracy to commit robbery, first-degree robbery, second-degree robbery, second-degree aggravated assault, and third-degree theft. At that time, defendant was not confined to county jail due to a previous pretrial release order. However, when he failed to appear for his arraignment on November 26, a bench warrant was issued for his arrest.

On January 10, 2019, the bench warrant was executed upon defendant's arrest. The State's motion to revoke defendant's pretrial release and keep him confined pending his trial was granted on January 28. Three subsequent court orders, all reflecting defendant's consent, excluded a total of ninety-nine days from defendant's speedy trial date in accordance with N.J.S.A. 2A:162-22(b)(1)(l), which allows delay for "good cause," and <u>Rule</u> 3:25-4(d)(2)(H), which allows delay resulting from "unreasonable acts or omissions of the defendant."

<u>August 19 Proceedings</u>

A. First morning appearance

Defendant, who was in custody, appeared for his pretrial conference with counsel. After advising the court that a plea agreement could not be reached, counsel reminded the court she needed additional time to provide the

State with an expert report concerning cell phone records. The court expressed concern regarding the importance of an expert report, and asked defendant if he was going to sign the pretrial memorandum to go to trial. Defendant, who was being represented by the Public Defender, replied that his mother was going to hire private counsel after his court appearance and he would sign the pretrial memorandum thereafter.

It was then mentioned that Figueroa, whose pretrial conference was also scheduled that morning, was not in the courtroom. Figueroa's counsel advised the court Figueroa was in a drug rehabilitation program, which had not yet transported him to court that morning, and he also wanted to go to trial.

Noting defendant and Figueroa would be tried together, and Figueroa's counsel had to appear before another judge that morning, the court excused everyone with the direction to come back in the afternoon in order to finalize and execute pretrial memorandums. Before leaving, defendant's counsel indicated again that she needed more time to secure her expert's report and requested another conference to give her more time to do so. Remarking defendant was arraigned on "December [18]"[2] and wanted to go to trial, the court retorted that a trial date would be set irrespective of outstanding

---

[2] It appears the court misspoke because, as noted above, defendants' arraignment occurred on November 28, 2018.

discovery. The court stated, "[defendants] are yakking about a trial, let's get to a trial. All that cell phone stuff, [the attorneys] can resolve before trial. Exchange [d]iscovery, do what you got to do." No possible trial date was mentioned by the court during the colloquy.

B. Second morning appearance

At some point later that morning, Figueroa appeared in court. His counsel was present. After learning Figueroa would not accept the State's last plea offer and wanted to go to trial, which was expected to take five days to complete, the court stated the trial date would be January 2. The prosecutor promptly remarked that a January 2 trial date created an "issue" because defendant and his counsel were not in the courtroom at the time and defendant had an October 15 speedy trial date. The court replied, "[w]ell it's the only time we have to try this case." At which point the prosecutor interjected, "[w]ell then [j]udge[,] the State would then ask for excludable time, given the [c]ourt's calendar, as well as the outstanding expert report that the State has not received, and would need to evaluate and perhaps obtain its own expert witness. So I would ask for excludable time until January [2]." When codefendant's counsel mentioned defendant's counsel was not present, the court replied it would "deal with it."

A-0308-19T6

C. Afternoon session

The court advised defendant that Figueroa's trial was set for January 2, and that would be defendant's trial date as well, unless he reached a plea agreement. Defendant stated he wanted to review the pretrial memorandum with "another attorney." The court replied that defendant had the right to hire a new attorney, which is why it gave him a January 2 trial date, but he needed to sign the pretrial memorandum that day. When defendant objected to extending the trial date, the court declared it was excluding the time from his speedy trial date due to the possibility he would hire a new attorney and the outstanding cell phone expert discovery his current counsel wanted to provide the State.

Next, during a brief discussion clarifying the State's plea offer, defendant's counsel objected to the court making August 19, 2019 through January 2, 2020 excludable time. Counsel argued that since defendant was signing a pretrial memorandum, outstanding expert discovery should not be a reason for excludable time. The court reiterated that since defendant wanted to hire private counsel, the January 2 trial date would afford new counsel the time needed to be ready. Counsel responded that defendant had not begun the process of hiring a new attorney and that she would comply with discovery

A-0308-19T6

rules. The Court was unpersuaded; defendant was required to execute the pretrial memorandum, which set trial for January 2.

The court confirmed its oral decision on August 28, issuing an order excluding a total of 137 days from defendant's speedy trial date under N.J.S.A. 2A:162-22(b)(1)(d), stating only that the excluded time was "[t]o allow time for def[endant] to hire [a private attorney] to prepare for trial." We thereafter granted defendant's motion for leave to appeal on an expedited basis.

II.

A trial court "must consider both the speedy trial statute and the speedy trial rule" when "determining what time is excludable." State v. Washington, 453 N.J. Super. 164, 195 (App. Div. 2018). The CJRA requires that a defendant "shall not remain detained in jail for more than 180 days" from an indictment's return – not counting excludable time – "before commencement of the trial." N.J.S.A. 2A:162-22(a)(2)(a). There are thirteen periods that "shall be excluded" under N.J.S.A. 2A:162-22(b)(1) when the trial court computes the date the trial must start:

> (a) The time resulting from an examination and hearing on competency and the period during which the eligible defendant is incompetent to stand trial or incapacitated;

> (b) The time from the filing to the disposition of an eligible defendant's application for supervisory treatment pursuant to N.J.S.2C:36A-1 or N.J.S.2C:43-

12 et seq., special probation pursuant to N.J.S.2C:35-14, drug or alcohol treatment as a condition of probation pursuant to N.J.S.2C:45-1, or other pretrial treatment or supervisory program;

(c) The time from the filing to the final disposition of a motion made before trial by the prosecutor or the eligible defendant;

(d) The time resulting from a continuance granted, in the court's discretion, at the eligible defendant's request or at the request of both the eligible defendant and the prosecutor;

(e) The time resulting from the detention of an eligible defendant in another jurisdiction provided the prosecutor has been diligent and has made reasonable efforts to obtain the eligible defendant's presence;

(f) The time resulting from exceptional circumstances including, but not limited to, a natural disaster, the unavoidable unavailability of an eligible defendant, material witness or other evidence, when there is a reasonable expectation that the eligible defendant, witness or evidence will become available in the near future;

(g) On motion of the prosecutor, the delay resulting when the court finds that the case is complex due to the number of defendants or the nature of the prosecution;

(h) The time resulting from a severance of codefendants when that severance permits only one trial to commence within the time period for trial set forth in this section;

(i) The time resulting from an eligible defendant's failure to appear for a court proceeding;

A-0308-19T6

(j) The time resulting from a disqualification or recusal of a judge;

(k) The time resulting from a failure by the eligible defendant to provide timely and complete discovery;

(l) The time for other periods of delay not specifically enumerated if the court finds good cause for the delay; and

(m) Any other time otherwise required by statute.

Our court rules mimic the CJRA. Rule 3:25-4(c)(1) similarly precludes detaining a defendant for more than 180 days between the return of an indictment and the start of trial, "not counting excludable time" for reasonable delays "as set forth in paragraph (i) of this rule." Rule 3:25-4(i) describes the trial court's authority to grant excludable time in words identical to N.J.S.A. 2A:162-22(b)(1) except the rule also declares that the provision allowing for "other periods of delay not specifically enumerated" be narrowly construed. R. 3:25-4(i)(12).

In applying these principles to the factual circumstances surrounding the August 19 pretrial conference for defendant and his codefendant, we agree with defendant that the court should not have excluded 137 days from his speedy trial date and he should be released from confinement pending his trial.

At the initial morning session for the pretrial conference, there were multiple competing concerns the court needed to address. Defendant could not

reach a plea agreement with the State. Defendant expressed an interest in hiring a private attorney to evaluate his trial prospects and did not want to execute his pretrial memorandum. Defendant's counsel was waiting for an expert report, which the court viewed as having minimal, if not insignificant, value at trial. The court wanted to schedule a trial date but could not do so because Figueroa, with whom defendant would be tried with, had not yet appeared for the conference. Thus, the conference, with all parties present, was continued to the afternoon.

Figueroa, however, appeared later that morning session and the court conducted his pretrial conference without defendant. Figueroa also could not reach a plea agreement with the State, thus he executed a pretrial memorandum in which the court set a January 2 trial date, the earliest available trial date on the court's calendar. Aware that the trial date would result in defendant's release from jail due to his October 15 speedy trial date, for which the State sought an excludable time order, the court stated it would deal with the issue when defendant returned that afternoon for the continuation of his pretrial conference.

That afternoon, the court directed defendant to execute the pretrial memorandum with a January 2 trial date. Over defendant's objection, the court advised defendant that the next 137 days prior to trial would be excludable

time, thereby keeping him confined pending trial. The court ruled this was because defendant wanted to go to trial, wanted to hire private counsel, and his current counsel needed to provide outstanding discovery.

While we appreciate the court's need to schedule a two-defendant trial amidst what appears to be a full calendar, the record before us does not support the reasoning the court expressed on August 19, nor set forth in the confirming August 28 order, that defendant needed time to hire a new attorney. Defendant, like his counsel, was fully aware of his speedy trial date and never requested trial be delayed beyond his speedy trial date due to the need to hire or consult with a new attorney. Counsel likewise did not seek a trial date after October 15, to enable a new attorney to represent defendant. Only if defendant's mother had engaged private counsel should the court have considered its impact on a trial date.

Turning to defendant's plan to provide a cell phone expert report to the State after the pretrial conference, the court's oral decision mentioned this outstanding discovery as a reason for the 137-days excludable time, but the court's order does not. Although the order does not conflict with the oral decision, we will consider the latter. See generally Taylor v. Int'l Maytex Tank Terminal Corp., 355 N.J. Super. 482, 498 (App. Div. 2002) ("Where

A-0308-19T6

there is a conflict between a judge's written or oral opinion and a subsequent written order, the former controls.").

Importantly, defense counsel argued her need to provide an expert report to the State, post conference, should not be considered in the excludable time determination because she would comply with the discovery rules. Our rules require a defendant to provide the State with expert information, including but not limited to any report, at least thirty days prior to trial. R. 3:13-3(b)(2)(E); see also, Washington, 453 N.J. Super. at 187 (holding when an issue of discovery arises, "courts should consider [it] separately from speedy trial issues" as it is "improper to impose a discovery sanction based on a perceived failure to comply with the speedy trial statute.").

Based upon our review of the record, it appears the primary factor in determining the excludable time was revealed in the court's initial comment – made without defendant or his counsel present in the courtroom – that the trial had to be scheduled for January 2 because "it's the only time we have to try this case." Thereafter, the possible hiring of a new defense attorney and pending discovery to the State were put forth by the court as issues affecting a trial date. However, applying those two reasons to order excludable time was premature. A new attorney had not been hired, nor was there any tangible indication it would occur, and a trial date beyond the October 15 speedy trial

12

date was not requested or claimed to be necessary to allow for additional trial preparation time. There was no indication that pending discovery would cause either party to be unprepared to try the case by the speedy trial date. Since neither issue had impacted the court's ability to start the trial, they did not support the court's excludable time rationale.

We find it significant that the court's order cites N.J.S.A. 2A:162-22(b)(1)(d), which allows for the exclusion of time at the defendant's or the joint parties' request for a granted continuance, so that defendant can hire private counsel. However, as defendant contends, he did not request a continuance. Further, in terms of the court's reliance upon its trial calendar until January 2, there were no findings of fact sufficient to establish excludable time under another subsection of N.J.S.A. 2A:162-22(b)(1) despite defendant's objection to the continuance. N.J.S.A. 2A:162-22(b)(1)(l) contains a catch-all provision designating as excludable time "[t]he time for other periods of delay not specifically enumerated if the court finds good cause for the delay." But, the accompanying rule, Rule 3:25-4(i)(12), adds "that this provision shall be narrowly construed." The record fails to indicate why defendant's trial could not preempt another case on the court's calendar, or why another court in the vicinage could not conduct defendant's trial prior to his speedy trial date.

Hence, based upon the record before us, we are constrained to agree with defendant that the 137-days excludable time is contrary to the CJRA and related court rules. Defendant shall be released pending trial, which is currently scheduled for January 2. Our decision does not preclude the State from making future applications to confine defendant or impose conditions of release that are consistent with the law.

Our disposition is stayed for three business days, sua sponte, to enable the State to seek immediate relief from the Supreme Court if it so chooses.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0308-19T6